IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LYNNE DUGGAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:11cv605 |
| | § | |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE CO., EMERSON | § | |
| ELECTRIC CO., EMERSON ELECTRIC | § | |
| CO. LONG TERM DISABILITY PLAN and | § | |
| EMERSON PROCESS MANAGEMENT | § | |
| | § | |
| Defendants. | § | |

## ORDER AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On this day came on for consideration Defendant's Motion to Dismiss (*see* Dkts. 7 & 11) and Plaintiff's Motion to Request to Move Out of Date Order to Conduct Rule 26(f) Conference (Dkt. 18). As set forth below, the Court GRANTS Plaintiff's motion and finds that the motion to dismiss should be DENIED.

### BACKGROUND

*Pro se* Plaintiff filed her complaint in this matter on September 17, 2011. On September 26, 2011, the Court granted her request to proceed *in forma pauperis* and directed her to prepare summons for issuance by the Clerk of the Court and service by the United States Marshal. *See* Dkt. 5. On January 12, 2012 – 117 days after Plaintiff filed suit – Plaintiff had summons issued and the materials were forwarded to the United States Marshal for service. On May 15, 2012, the United

1

States Marshal's returns of service were filed, indicating that service was executed on Defendants on or about February 7, 2012 (*see* Dkts 19 - 22).

## STANDARD

Defendant seeks dismissal based on lack of proper service. Rule 4 of the Federal Rules of Civil Procedure sets forth the guidelines to determine what constitutes valid service of process. FED. R. CIV. P. 4. If a plaintiff has not effected proper service within 120 days of filing the complaint, the court may either dismiss the action without prejudice or allow additional time for service. FED. R. CIV. P. 4(m). *Cf. Grant-Brooks v. Nationscredit Home Equity Servs.*, 2002 WL 424566 (N.D. Tex. 2002) (quashing service of process but denying motion to dismiss because 120-day time period to serve defendant had not expired).

Upon a showing of good cause for the failure of service, the court *must* extend the time for service. FED. R. CIV. P. 4(m). Good cause is more than inadvertence, mistake of counsel, or ignorance of the rules. *See System Signs Supplies v. U.S. Dep't of Justice,* 903 F.2d 1011, 1013 (5th Cir. 1990). The plaintiff must show excusable neglect, as well as establish good faith and a reasonable basis for not serving the summons and complaint within the time allowed by the rules. *Id.* Although *pro se* status does not wholly excuse a litigant's failure to effect service, it can provide grounds for leniency in finding that there is good cause – especially where there is evidence that the defendant had notice of the suit despite the failure to effect service. *Id.* at 1013-14. And, even where there is no good cause shown, the court may, *in its discretion*, extend the time for service. *Thompson v. Brown*, 91 F. 3d 20, 21 (5th Cir. 1996).

ANALYSIS

In this case, Defendant argues that it was served on February 5, 2012 – past the 120 day deadline. Defendant also argues that the "summons obtained by Plaintiff was defective in that it failed to modify the deadline by which Defendant Hartford's answer was due in accordance with the Court's order." Dkt. 7 at ¶8. Defendant provides no further argument or authority as to this argument and does not demonstrate what order it references.

Plaintiff has argued in her response that she relied on Local Rule CV-5 in believing that her complaint had been properly served. Local Rule CV-5 provides in part:

> (d) **Service by Facsimile or Electronic Means Authorized.** Parties may serve copies of pleadings and other case related documents to other parties by facsimile or electronic means in compliance with Local Rule CV-5(a) in lieu of service and notice by mail. Such service is deemed complete upon sending. Service after 5:00 p.m. Central Time shall be deemed served on the following day.
>
> (e) **Service of Documents Filed by *Pro Se* Litigants.** A document filed by a *pro se* litigant shall be deemed "served" for purposes of calculating deadlines under the Local Rules or Federal Rules of Civil Procedure on the date it is electronically docketed in the court's CM/ECF system.

Although ignorance of the rules is not an excuse, given the Plaintiff's *pro se* status and in the Court's discretion, the Court finds that the motion to dismiss should be GRANTED. The 120-day period to serve expired on January 15, 2012, and Plaintiff had summons issued shortly before that. Moreover, although there was a significant delay between the issuance of the Court's September order regarding the issuance of summons and the actual issuance of summons, Plaintiff has argued that she erroneously relied on a Local Rule in believing the complaint had already been served electronically. While Plaintiff is expected to fully understand all Rules in the future, the Court finds

3

that leniency is warranted herein and good cause has been shown to extend the time to serve.

As to Defendant's claim that the summons served less than 30 days after the 120-day deadline was "defective in that it failed to modify the deadline by which Defendant Hartford's answer was due in accordance with the Court's order," the Court declines to dismiss on this ground. The only order on the record of this case prior to Defendant's motion was the Court's order permitting Plaintiff to proceed *in forma pauperis* and directing the issuance of summons. It contains no directives regarding the modification of deadlines.

Therefore, the Court recommends that Defendant's Motion to Dismiss (*see* Dkts. 7 & 11) be DENIED and that this case proceed. The Court further finds that Plaintiff's request to extend the deadline to conduct Rule 26(f) conference (Dkt. 18) should be GRANTED. The parties are directed to confer in accordance with the Court's March 5, 2012 Order to Conduct Rule 26(f) Conference and to submit their joint report and proposed agreed scheduling order on or before **July 6, 2012.** Failure to fully participate and cooperate by Plaintiff may result in dismissal of her claims.

Finally, the Court notes that, although the Court has granted Plaintiff an extension, if Plaintiff intends to prosecute her claims here, she is expected to fully and timely proceed in this case with or without counsel. While she will be entitled to some deference as a *pro se* party, assuming she remains unrepresented, the Court will not tolerate any dilatory tactics or baseless excuses for conduct herein. The parties are expected to proceed on the merits of the claims herein.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge regarding the motion to dismiss. 28 U.S.C.A. § 636(b)(1)(C).

4

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 1st day of June, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE